The judgment of the court (Eustis, C. J., being absent) was pronounced by
Slidell, J.
This litigation has been pending between the parties for ten years, and now appears before this court for the fourth time. For the purpose of considering the questions which are at present to be disposed of, it does not become' necessary to give a full statement of the pleadings and facts of the cause. It will be sufficient to state, that the plaintiffs conveyed to R. G. Dunlap a tract of land, together with a number of slaves, and reserved a mortgage to secure the payment of a part of the price. That H. W, Dunlap and wife, who subsequently acquired the property, are resisting an order of seizure and sale obtained by the plaintiffs, on the' ground, among many others, that the latter were without title to a large portion of the land conveyed, and ask that the sale be annulled as to those portions, and that they be allowed $50 per acre for the land, the title to which is alleged to have failed. For a more full histoiy of the case we refer to the opinion rendered when it was last before the Supreme Court. 9 R. R. 283; and also to 16 L. R. 163, and 19 L. R. 491. The defences set up were sustained in the court below, and the plaintiffs have appealed.
When this cause was last before our predecessors, they said- that it presented three questions, each of which was considered. They held : 1st. That the plaintiffs had the right to proceed against the defendants by an order of seizure and sale. 2d. That the defendants had the right, under the terms of the sales to them, to exercise their recourse in warranty against the plaintiffs, and any action resulting from a failure-of title of the property sold. As regards the last point, they said: “ The third and last question remains, to wit, whether the evidence shows such an eviction of the lots No. 22 and No. 52, or such a total failure of right in relation thereto as entitles the plaintiff in injunction to the right asked for at our hands.”
The titles to these were'examined, and the court considered that the plaintiffs had never had title to the lot No. 22. That the entry of the lot No. 52 was vacated by the commissioner of the land office, in the exercise of a power which' he possessed by law, to avoid entries irregularly made, and that the entries of other portions of the land had also been cancelled by the same authority. After which they proceed as follows: “ The lands conveyed and warranted, in addition to sections 22 and 62, were fractional sections 23, 24 and 25, and lot 3 of section 54. Eighteen slaves also were sold, and the price of the whole was $130,000, of which $91,000 is acknowledged to have been paid in hand. The whole was sold in globo, and we are not enabled to say how much was given for the land, and how much for the slaves. But it appears to us clear, that there is a total failure as to a great part of the land conveyed, as set forth in the previous part of this opinion, and that the plaintiffs in injunction to that extent are entitled to relief. But the evidence does not enable us to decide finally upon the rights of the parties, and especially upon the amount which the defendants are-bound in equity to refund. "We have, however, no doubt that as to a great part of the land, it is shown to bo public, and that the vendors were without title. In such a case, a regular eviction by judicial authority is not required to entitle the purchaser to relief. The sale of another’s property is null and void. It is therefore adjudged and decreed, that the judgment of the district court be avoided and reversed; and it is further ordered and adjudged, that the case be remanded for further proceedings according to law, and in conformity to the opinion herein expressed.” P. R. 159 to 163. 9 R. R. 283.
During the pendency of the suit, the title of the plaintiffs to the lot No. 52, which our predecessors considered invalid, was confirmed by an act of Congress ; and it is admitted that the confirmation enures to the benefit of the vendors, *202 The controversy in relation to title is therefore narrowed down to the lot or section No. 22. That lot was declared by the commissioner to be vacant. Four different persons subsequently acquired preemption rights upon it, in virtue of which it was entered.
When this cause went back to the lower court, the plaintiffs offerred to amend their pleadings by averring that these four persons were the agents of Dunlap in entering the land; that they acquired it for his benefit; paid for it with money advanced by him for the purpose, and have since transferred it without consideration to McKeernan, to be held for the benfit of Dunlap and wife ; that the object of Dunlap was to perfect a title adverse to that of his vendors, and that the title which he has thus acquired enures to the benefit of the plaintiffs. Permission to file this amendment was refused, on the ground that the question of the plaintiffs’ title to the land had been finally determined by the Supreme Court, and that the only purpose for which the cause had been remanded was to ascertain the value of the land, the title to which had failed. To this ruling a bill of exceptions was taken. On the trial, the plaintiffs offered to prove these allegations, and also to prove that Dunlap, acting through his counsel, caused the section No. 22 to be declared public and subject to preemption. The testimony Was excluded upon the same ground; and bills of exception were taken to the opinion of the judge.
The district judge, in our opinion, erred in rejecting the amendment offered by the plaintiffs, and the evidence in support of their allegations.
The decree of the Supreme Court determined nothing finally in relation to the sections No. 52 and 22. They are not referred to in the decretal part of the opinion. The court only declared the law applicable to the several questions considered, and as we think correctly. The reasons are assigned for considering that the plaintiffs were without title to two of the sections of the land sold; and their conclusions are supported by the evidence then before them. But they declined deciding definitively upon the controversy in relation to the lands ; and, on the contrary, expressly declared, that “the evidence did not enable them to decide finally upon the rights of the parties, and especially upon the amount which the plaintiffs are in equity bound to refund.”
This case differs widely from that of Kellam v. Rippey, 3d Ann. 202, in which we held the decision of our predecessors to be final. In that case the court passed definitively upon the titles of the parties, and decreed the land to the plaintiff, but remanded the cause for the purpose of ascertaining the value of the improvements, &c. See 3 R. R. 138. 12 R. R. 44.
It also differs from the case of Durnford’s Succession, 1st Ann. 92, in which the Supreme Court had previously rendered a definitive decree in relation to an item of an account. See 11 R. R. 189.
But in the present case there was no decree in relation to the titles of the lands which were directly in issue. The only decree rendered reverses the judgment of the lower court, and remands the cause for further proceedings according to law. From the reasoning of the court, in which they express the opinion from the evidencee then before them, that the titles to certain portions of the land had failed, it is to be inferred that the object of remanding the cause was to enable the defendants to show the amount of loss which they had sustained. See Thompson v. Mylne, 4th Ann. 206. But there is nothing which precludes the plaintiffs in the prosecution of that enquiry from showing that their titles had been perfected and that the defendants were entitled to no diminution of the price. This they have, shown, as it is admitted, as far as relates to the *203 section No. 52, the title to which, as we have seen, has been confirmed by act of Congress. They desired further to show, that the title to the section No. 22 had been perfected under such circumstances that it enured to the benefit of the vendors ; and this they had clearly the right to do.
In the case of Galloway v. Finley et al., 12 Peters, 294, the Supreme Court of the United States recognised the rule : “That if a vendee buys up a better title than that of the vendor, and the vendor was guilty of no fraud, he can only be compelled to refund to the vendee the amount of money paid for the better titleand cite the cases of Leary v. Kirkpatrick, Cook’s Tenn. Rep. 211; Mitchell v. Bang, 4 Hayne Tenn. Rep. 136. The court further say: “ In reforming the contract, equity treats the purchaser as a trustee for the vendor, because he holds under the latter; and acts done to perfect the title by the former, when in possession of the land, enure to the benefit of him under whom the possession was obtained, and through whom the knowledge that a defect in the title existed was derived. The vendor and vendee stand in the relation of landlord and tenant: the vendee cannot disavow the vendor’s title.” 3 Peters, 48. 2 Marshall’s Ky. R. 242. 5 Yerger’s Tenn. R. 398.
We have been urged to determine this controversy finally upon its merits, as all the evidence offered and excluded in the court below, is now before this court. But as the defendants found it unnecessaiy, in consequence of the rulings of the district judge rejecting the plaintiff’s testimony to offer rebutting evidence, which may have been in their possession, justice requires that the case should be remanded-
It is therefore decreed that the judgment of the district court be reversed; and that the cause be remanded for further proceedings according to law, with instructions to the district judge to permit the amended pleadings offered by Pepper et al. to be filed, and to receive evidence pertinent to the issues presented by those amended pleadings and by the intervention of Mrs. Dunlap. It is further decreed, that the appellees pay the co.sts of this appeal.